1  BRANDIE N. CHARLES, Bar No. 188892
   bcharles@littler.com
2  GEORGE BENJAMIN, Bar No. 273240
   gbenjamin@littler.com
3  LITTLER MENDELSON, P.C.
   2049 Century Park East
4  5th Floor
   Los Angeles, CA  90067.3107
5  Telephone:  310.553.0308
   Facsimile:   310.553.5583
6
7  Attorneys for Defendant
   ULTA SALON, COSMETICS & FRAGRANCE,
   INC.
8

9              UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLA M. HERNANDEZ,, <br><br>Plaintiff, <br><br>v. <br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC., a corporation; and DOES 1 TO 50, inclusive;, <br><br>Defendants. | Case No.  2:15-CV-08045 <br><br>**DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** <br><br>[28 U.S.C. §§ 1331, 1332, 1441, 1446] <br><br>Complaint Filed: August 28, 2015 <br>(Los Angeles County Superior Court) |

# TABLE OF CONTENTS

**PAGE**

I. STATEMENT OF JURISDICTION ......................................................................... 2

II. VENUE ................................................................................................................... 2

III. STATUS OF PLEADINGS, PROCESS AND ORDERS ....................................... 3

IV. TIMELINESS OF REMOVAL ............................................................................... 4

V. FEDERAL QUESTION JURISDICTION .............................................................. 5

VI. DIVERSITY JURISDICTION ................................................................................ 6

    A. Complete Diversity Of Citizenship Exists ................................................... 7

        1. Plaintiff Is Domiciled In California ................................................... 7

        2. Ulta Is A Delaware Corporation With Its Principal Place Of Business In Bolingbrook, Illinois ......................................................... 8

    B. The Amount In Controversy Exceeds $75,000 ............................................ 9

        1. Lost Income and Benefits ................................................................. 10

        2. Emotional Distress Damages ............................................................ 11

        3. Punitive Damages ............................................................................. 12

        4. Attorneys' Fees ................................................................................. 13

VII. NOTICE TO PLAINTIFF AND STATE COURT ................................................ 14

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

i.

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

Aucina v. Amoco Oil Co.,
 871 F.Supp.332 (S.D. Iowa 1994) ............................................................................. 12

Dart Cherokee Basin Operating Co. v. Owens,
 135 S. Ct. 547, 554 (2014) ..................................................................................... 9, 10

Davenport v. Mutual Ben. Health & Acc. Ass'n,
 325 F.2d 785, 787 (9th Cir. 1963) .............................................................................. 12

Drzewiecki v. H&R Block, Inc.,
 24 Cal. App. 3d 695, 705 (1972) ................................................................................ 11

Galt G/S v. JSS Scandinavia,
 142 F. 3d 1150, 1156 (9th Cir. 1998) ......................................................................... 13

Guas v. Miles, Inc.,
 980 F. 2d 564, 567 (9th Cir. 1992) ............................................................................... 9

Hertz Corp. v. Friend,
 559 U.S. 77, 78 (2010) .................................................................................................. 8

Kanter v. Warner–Lambert Co.,
 265 F.3d 853, 857 (9th Cir. 2001) ................................................................................ 7

Kantor v. Wellesley Galleries, Ltd.,
 704 F.2d 1088 (9th Cir. 1983) ...................................................................................... 7

Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,
 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ............................................................... 9

Kroske v. U.S. Bank Corp.,
 432 F.3d 976 (9th Cir. 2005), cert denied, 127 S.Ct. 157 (2006) .............................. 11

LeBlanc v. Cleveland,
 248 F.3d 95, 100 (2d Cir. 2001) ................................................................................... 7

Lew v. Moss,
 797 F.2d 747, 751 (9th Cir. 1986) ................................................................................ 7

Luckett v. Delta Airlines, Inc.,
 171 F.3d 295, 298 (5th Cir. 1999) .............................................................................. 11

Lundquist v. Precision Valley Aviation, Inc.,
 946 F.2d 8, 10 (1st Cir. 1991) ...................................................................................... 7

McConnell v. Genetech, Inc.,
 No. C 11-4976 SBA, 2012 WL 851190, at *1 (N.D. Cal. Mar. 13, 2012) .................. 5

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

ii.

# TABLE OF AUTHORITIES
## (CONTINUED)

**PAGE**

Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.
   526 U.S. 344, 354 (1999) .................................................................. 4, 5, 6

Newcombe v. Adolf Coors Co.
   157 F.3d 686, 690-91 (9th Cir. 1998) ............................................................ 8

Rabaga-Alvarez v. Dart Industries, Inc.
   55 Cal. App. 3d 91, 97 (1976) ..................................................................... 11

Rippee v. Boston Market Corp.
   408 F.Supp.2d 982, 986 (S.D. Cal. 2005) ..................................................... 9

Salveson v. Western States Bankcard Ass'n
   731 F.2d 1423, 1429 (9th Cir. 1984) ............................................................. 4

Sanchez v. Monumental Life Ins. Co.
   102 F.3d 398, 404 (9th Cir. 1996) ................................................................. 9

Sasso v. Noble Utah Long Beach, LLC
   2015 U.S. Dist. WL 898468 (C.D. Cal. March 3, 2015) .............................. 10

Schere v. Equitable Life Assurance Soc'y of the U.S.
   347 F.3d 394, 399 (2d Cir. 2003) .................................................................. 9

Singer v. State Farm Mutual Auto Ins. Co.
   116 F.3d 373, 377 (9th Cir. 1997) ................................................................. 9

Smith v. Brown-Forma Distillers Corp.
   196 Cal. App. 3d 503, 518 (1989) ............................................................... 11

State Farm Mut. Auto. Ins. Co. v. Dyer
   19 F.3d 514, 519-20 (10th Cir. 1994) ........................................................... 7

**Statutes**

28 U.S.C. § 1331 .............................................................................................. 2, 5, 6

28 U.S.C. § 1332 ..................................................................................................... 6

28 U.S.C. § 1332(a) ......................................................................................... 2, 6, 9

28 U.S.C. § 1332(c)(1) ........................................................................................... 8

28 U.S.C. § 1441(a) ................................................................................................ 5

28 U.S.C. § 1441(b) ................................................................................................ 6

28 U.S.C. § 1446(a) ................................................................................................ 4

28 U.S.C. § 1446(b) ................................................................................................ 4

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

# TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

29 U.S.C. § 2601 ...................................................................................................... 5

29 U.S.C. § 2615 ...................................................................................................... 3

29 U.S.C. § 2617(a) ................................................................................................. 3

Cal. Govt. Code § 12900 .......................................................................................... 3

Cal. Govt. Code § 12940(a) ..................................................................................... 3

Cal. Govt. Code § 12940(k) ..................................................................................... 3

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**TO THE CLERK OF THE ABOVE CAPTIONED COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. (hereinafter "Ulta" or "Defendant") hereby removes the above-captioned action (Case No. BC592916) from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1331, 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. section 1331 and 28 U.S.C. section 1332 based upon the existence of a federal question and the complete diversity of citizenship among the parties.

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the diversity of citizenship statute. *See,* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal, and is timely and properly removed by the filing of this Notice. *See,* 28 U.S.C. §§ 1332, 1441(a), and 1446.

2. This Court also has original jurisdiction over this action pursuant to the federal question statute. *See,* 28 U.S.C. § 1331. In relevant part, the federal question statute grants district courts original jurisdiction over civil actions arising under the laws of the United States. As set forth below, this case meets all of the federal question statute's requirements for removal, and is timely and properly removed by the filing of this Notice. *See,* 28 U.S.C. §§ 1331, 1441(a), and 1446.

## II. VENUE

3. This action was filed in the Superior Court of the State of California, County of Los Angeles. Venue properly lies in the United States District Court for

the Central District of California, Western Division, pursuant to 28 U.S.C. sections 84(c)(2), 1391(a) and 1441(a).

### III.   STATUS OF PLEADINGS, PROCESS AND ORDERS

4.     On August 28, 2015, Plaintiff Gabriella M. Hernandez ("Plaintiff") filed an unverified Complaint for Damages in Superior Court of the State of California, County of Los Angeles: *GABRIELLA M. HERNANDEZ v. ULTA SALON, COSMETICS & FRAGRANCE, INC., a corporation; and DOES 1 TO 50, inclusive*, Case No. BC592916 (hereinafter the "Complaint").  (A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of George S. Benjamin in Support of Removal ("Benjamin Decl."), ¶2.)

5.     Plaintiff's Complaint asserts five purported causes of action: (1) Disability Discrimination (Cal. Govt. Code § 12900 *et seq*.); (2) Wrongful Termination Against Public Policy (Cal. Govt. Code § 12940(a)); (3) Interference with Family Medical Leave Act (29 U.S.C. §§ 2615 and 2617(a)); (4) Failure To Prevent Discrimination (Cal. Govt. Code § 12940(k)); and (5) Intentional Infliction of Emotional Distress. (Benjamin Decl., ¶2, Exh. A.)  Plaintiff seeks to recover for past and future lost income, employment benefits, compensatory damages, special damages, including emotional distress damages, punitive damages, attorneys' fees and costs of suit. (Benjamin Decl., ¶2, Exh. A, ¶¶ 23, 24, 29, 30, 36, 43, 44 and Prayer for Relief.)

6.     On September 11, 2015, the Clerk of Department 56 of the Superior Court of the State of California, County of Los Angeles issued a Notice of Case Management Conference in this matter.  (A true and correct copy of this Notice is attached as **Exhibit B** to the Benjamin Decl., ¶3.)

7.     Plaintiff's Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum And Statement of Location, and Notice of Case Assignment were served on Ulta via its agent for service of process, Corporation Service Company ("CSC"), on September 14, 2015 by personal delivery.  (True and correct copies of the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

aforementioned documents are collectively attached as **Exhibit C** to the Benjamin Decl., ¶4.)

8. On October 13, 2015, Ulta filed its Answer to Plaintiff's Complaint for Damages in the Superior Court of the State of California, County of Los Angeles. (A true and correct copy of the Answer is attached as **Exhibit D** to the Benjamin Decl., ¶5.)

9. The documents attached as Exhibits "A" through "D" to the Benjamin Decl. constitute all of the pleadings and process that have been filed or received by Defendant in this action. To the best of Ulta's knowledge, no further process, pleadings, or orders related to this case have been filed or served in the Superior Court of the State of California, County of Los Angeles or served by any party other than as described above. The requirements of 28 U.S.C. § 1446(a) are therefore satisfied.

10. The Complaint names "DOES 1 TO 50." (Benjamin Decl., ¶2, Exh. A.) Ulta is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously-named Doe defendants are not parties to the above-captioned action and need not join or consent to Ulta's Notice of Removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join in the notice of removal.)

11. Copies of this Notice of Removal, as well as the Notice to State Court of Removal of Civil Action, have been served upon Plaintiff's counsel and are being filed with the Clerk of the Superior Court of California, County of Los Angeles – Central District. (Benjamin Decl., ¶8.)

### IV. TIMELINESS OF REMOVAL

12. This Notice of Removal is timely. Under 28 U.S.C. section 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe*

*Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).

13. Plaintiff filed her Complaint with the Superior Court of the State of California, County of Los Angeles on August 28, 2015. On September 14, 2015 service of the Complaint and Summons became effective as to Ulta. (Benjamin Decl., ¶¶2 and 4, Exh. A and C.) As such, this Notice of Removal is timely as a matter of law.

## V. FEDERAL QUESTION JURISDICTION

14. A state-court action may be removed to federal court if it qualifies as a civil action of which the district courts of the United States have original jurisdiction unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a). 28 U.S.C. section 1331 provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

15. This action is a civil action that may be properly removed to federal court because this Court has original federal question jurisdiction over Plaintiff's third cause of action for interference with benefits under the Family Medical Leave Act (29 U.S.C. § 2601 *et seq.*) ("FMLA"). Plaintiff's third cause of action alleges that Defendant reduced the number of hours Plaintiff was scheduled to work upon learning that Plaintiff was pregnant to ensure that she did not attain the minimum hours necessary to receive FMLA benefits – which Plaintiff claims constitutes an interference with Plaintiff's rights under the FMLA. (Benjamin Decl., ¶2, Exh. A, ¶¶31-36.) Plaintiff further expressly seeks damages to be awarded under the FMLA. (*Id.* at ¶36.)

16. The FMLA is a federal statute which, in part, governs medical leaves of absence. *See,* 29 U.S.C. § 2601, *et seq.* Because Plaintiff's third cause of action arises under federal law, Plaintiff's Complaint presents a federal question on its face and is properly subject to removal. *See McConnell v. Genetech, Inc.*, No. C 11-4976 SBA, 2012 WL 851190, at *1 (N.D. Cal. Mar. 13, 2012) (stating the Court

indisputably had subject matter jurisdiction over the action when it was removed because the pleadings alleged a federal claim under the FMLA.) Accordingly, this case is properly removed to this Court by Defendant pursuant to 28 U.S.C. sections 1331 and 1441(a) because it is a civil action that arises under the laws of the United States.

17. Plaintiff's remaining claims, which are related to Plaintiff's employment with Defendant, are based on the same facts, events, transactions and occurrences as Plaintiff's FMLA-based claim and are so related to Plaintiff's FMLA-based claim as to form part of the same case and controversy. As such, this Court has jurisdiction over any remaining state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. section 1367(a) as they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution. Any causes of action that are separate and independent from those arising under federal law are removable pursuant to 28 U.S.C. section 1441(c). Thus, this is action is removable in its entirety.

## VI. DIVERSITY JURISDICTION

18. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States . . ." *See,* 28 U.S.C. § 1332(a).

19. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See,* 28 USC § 1441(a). Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See,* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, i.e., Plaintiff and Ulta must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See,* 28 U.S.C. § 1332.

20.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as set forth below.

### A.     Complete Diversity Of Citizenship Exists.

#### 1.     Plaintiff Is Domiciled In California.

21.     To establish citizenship for diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See, Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also, LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also, Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See, Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

22.     At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California. Plaintiff alleges in the Complaint that she is "an individual residing in the County of Los Angeles, State of California." (Benjamin Decl., ¶2, Exh. A, ¶1); *see also, Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). Furthermore, Plaintiff's personnel records, as well as a public record search, indicate that Plaintiff only lived in Los Angeles and Riverside counties in California during the length of her employment with Ulta, and she currently residents in Los Angeles, California. (Declaration of Dan Petrousek In Support of Ulta's Removal ("Petrousek Decl."), ¶5.); (Benjamin Decl., ¶9.)

### 2. Ulta Is A Delaware Corporation With Its Principal Place Of Business In Bolingbrook, Illinois.

23. For purposes of 28 U.S.C. section 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See,* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

24. Ulta is not a state, state official, or other government entity. Ulta is a Delaware corporation, authorized to transact business in California. Ulta was, at the time of the filing of this action and the instant removal, a citizen of the State of Delaware because it was incorporated and continues to be incorporated under its laws. (Petrousek Decl., ¶3.) Ulta's corporate headquarters and principal place of business, i.e., the "nerve center" where Ulta performs executive and administrative functions, is located in Bolingbrook, Illinois. (Petrousek Decl., ¶3.); (Benjamin Decl., ¶2, Exh. A, ¶2.) While Ulta conducts business in Los Angeles County, California, Ulta is not incorporated under the laws of the State of California and its principal place of business is not located in California. Thus, Ulta is not a citizen of California.

25. Defendants Does 1 through 50 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to section 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

26. In sum, Plaintiff is a citizen of California, and Ulta is incorporated and has its principal place of business outside California. Accordingly, the complete diversity requirement of 28 U.S.C. section 1332(a) is satisfied.

### B. The Amount In Controversy Exceeds $75,000.

27. This Court has jurisdiction over this case because the amount placed in controversy by Plaintiff's alleged claims exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

28. Although the Complaint does not allege a specific amount in controversy, it can be ascertained that the amount in controversy in this action does, in fact, exceed $75,000.00, exclusive of interest and costs. Where a Complaint is silent as to the amount in controversy, a defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guas v. Miles, Inc.*, 980 F. 2d 564, 567 (9th Cir. 1992). A removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). The Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

29. In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in her Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also, Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or

provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

30. In a recent decision by United States District Court, for the Central District of California, the Court affirmed that the removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. WL 898468 (C.D. Cal. March 3, 2015) (*citing Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)). Moreover, Defendant need not submit evidence to support its notice of removal. *Dart Cherokee*, 135 S. Ct. at 553. Defendant need only plausibly allege that the amount in controversy exceeds $75,000.00 *Id.* ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

31. Ulta denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, assuming, *arguendo*, the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's claims establish an amount "in controversy" in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332, as set forth below.

**1. Lost Income and Benefits.**

32. Plaintiff alleges that, as a result of Ulta's alleged wrongful conduct, she has lost wages and benefits Plaintiff would have received but for Ulta's alleged wrongful conduct. (Benjamin Decl., ¶2, Exh. A, ¶¶ 23, 29, 36 and Prayer for Relief.)

33. During Plaintiff's employment with Ulta, Plaintiff earned an average of $373.77 gross, bi-weekly. (Petrousek Decl., ¶4.) Although Defendant denies Plaintiff is entitled to recover any such damages, assuming *arguendo*, Plaintiff were to recover

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10.

back wages from the time she stopped working for Ulta until the present, approximately 8 months, the amount of back pay would equal approximately $5,980.32 gross. Moreover, if the case proceeds to trial in August 2016, a year from when it was filed, and Plaintiff remains unemployed, she will be seeking a total of 18 months of lost wages, which totals approximately $13,455.72 gross.

34. In addition, front pay awards in California frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the three years after trial, the amount of future wages in controversy in this case would total at least an additional $26,911.44 gross. Thus, if this case goes to trial in August 2016, it may reasonably be estimated that Plaintiff's claims of back pay and front pay would alone total an estimated **$40,367.16** gross.

### 2. Emotional Distress Damages.

35. Plaintiff also seeks damages for emotional distress, which further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See, Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. A similar result is compelled here, as Plaintiff expressly seeks

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

damages for emotional distress and a comparable amount of lost wages is at issue. (Benjamin Decl. ¶2, Exh. A, ¶¶23, 29, 43.) Based on *Kroske*, the emotional distress component of Plaintiff's claims could add at least **$15,000.00** to the amount in controversy.

### 3. Punitive Damages.

36. Plaintiff also seeks an award of punitive damages. (Benjamin Decl. ¶2, Exh. A, Complaint, ¶¶24, 30, 44 and Prayer for Relief.) Under California law, punitive damages may be recovered by a plaintiff "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 2394(a). Punitive damages are included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also, Aucina v. Amoco Oil Co.*, 871 F.Supp.332 (S.D. Iowa 1994). A single-digit ratio (i.e., no more than nine-to-one) is typically appropriate when issuing an award of punitive damages. *State Farm vs. Campbell*, 538 U.S. 408, 425 (2003).

37. Here, Plaintiff's request for punitive damages alone puts $40,367.16 to $363,304.44 in controversy.[1] The amount in controversy on the punitive damages component of Plaintiff's claims can be measured as a multiple of the amount in

---

[1] Numerous court decisions and jury verdicts in state and federal courts located within the Ninth Circuit affirm that compensatory and punitive damages in excess of $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff has alleged a claim for disability discrimination. See *Alvarado v. Federal Express Corp.*, 2006 WL 4470094 (N.D. Cal. 2006), (plaintiff awarded a total verdict of $500,000 based in part on disability discrimination); *Snider v. Laquer*, 2006 WL 4050121 (St. Ct. 2006) (plaintiff awarded over $1,000,000 for pain and suffering based in part on disability discrimination); *Carr v. Washington Mutual*, 2006 WL 4470159, (plaintiff awarded a total verdict of $800,000 based in part on disability discrimination); *Martin v. Arrow Electronics*, 2006 WL 2044626 (C. D. Cal. 2006), (plaintiff awarded a total verdict of $1,500,000 based in part on disability discrimination); *Alberigi v. County of Sonoma*, 2006 WL 1099444 (St. Ct. 2006) (plaintiff awarded a total verdict of $6,500,000 based in part on disability discrimination); *Wysinger v. Automobile Club of Southern California*, 2006 WL 397031 (St. Ct. 2006), (plaintiff awarded a total verdict in the amount of $1,284,000 based in part on disability discrimination).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12.

1 controversy of the lost wages, which are approximately $40,367.16, as set forth above. Thus, without conceding that such (or any) an award is warranted, the amount in controversy on the punitive damages component of Plaintiff's claims is anywhere between $40,367.16 (a multiple of 1) and $363,304.44 (a multiple of 9), or more.

38. Thus, although a punitive damages award against Ulta alone could potentially exceed $40,367.16, most conservatively, the amount awarded in punitive damages in this matter would be at least **$20,000.00**

### 4. Attorneys' Fees.

39. Plaintiff's Complaint also seeks attorneys' fees. (Benjamin Decl., ¶2, Exh. A, Complaint, Prayer for Relief.) Cases involving the types of claims that Plaintiff has alleged in her Complaint require at least $75,000.00 in attorneys' fees to proceed through discovery and to trial during an approximate one-year period. The attorneys' fee claim is included in determining the amount in controversy when, as in the case at hand, Plaintiff is claiming attorneys' fees pursuant to statute. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) ("When an underlying statute authorizes an award of attorneys' fees, . . . such fees may be included in the amount in controversy."). To date, Plaintiff has certainly incurred fees and costs in connection with preparing and filing her Complaint. In fact, at an assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a conservative estimate of time spent through trial) to incur **$75,000.00** in reasonable attorney's fees (250 hours x $300 = $75,000). (Benjamin Decl., ¶7.)

40. Thus, as set forth above, Plaintiff seeks lost wages, lost benefits, and damages for emotional distress, as well as an award of attorneys' fees and punitive damages, making the total potential recovery for Plaintiff on his claims, no less than **$150,367.16** ($40,367.16 (compensatory) + $15,000.00 (emotional distress) + $20,000.00 (punitive) + $75,000.00 (attorneys' fees)), easily exceeds the $75,000 threshold.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

13.

41. It is also critical to note that Plaintiff would not stipulate that the maximum amount of damages and attorney's fees sought in this matter, exclusive of interest and costs, do not exceed $75,000.00. (Benjamin Decl., ¶¶10 and 11, **Exhibits E and F**.)

42. As the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between the parties, this case is properly removed to this court.

**VII. NOTICE TO PLAINTIFF AND STATE COURT**

43. Following the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel, Stephen M. Rinka, Esq., of The Rinka Law Firm, and a copy of the Notice of Removal will be filed with the Clerk of the Los Superior Court of the State of California, County of Los Angeles. (Benjamin Decl., ¶8.)

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Superior Court of the State of California, County of Los Angeles.

Dated: October 14, 2015

By:  */s/ George S. Benjamin*
Brandie N. Charles
LITTLER MENDELSON, P.C.
George S. Benjamin
Attorneys for Defendant
ULTA SALON, COSMETICS & FRAGRANCE, INC.

Firmwide:136115264.5 059310.1084

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

14.