# EXHIBIT "A"

STEPHEN M. RINKA, SBN 219626
**THE RINKA LAW FIRM**
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-9653
Facsimile: (310) 579-8768
Email: stephen.rinka@gmail.com

Attorneys for Plaintiff
GABRIELLA M. HERNANDEZ

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 28 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

BC 592916

| | |
|---|---|
| GABRIELLA M. HERNANDEZ, <br><br> Plaintiff, <br><br> vs. <br><br> ULTA SALON, COSMETICS & FRAGRANCE, INC., a corporation; and DOES 1 TO 50, inclusive; <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. Disability Discrimination [Government Code §12900 *et seq.*] <br> 2. Wrongful Termination Against Public Policy [Government Code §12940(a)] <br> 3. Interference with Family Medical Leave Act <br> 4. Failure to Prevent Discrimination <br> 5. Intentional Infliction of Emotional Distress <br><br> **Demand for Jury Trial On All Causes of Action** |

Plaintiff, GABRIELLA M. HERNANDEZ ("Hernandez" or "Plaintiff") complains of Defendants ULTA SALON, COSMETICS & FRAGRANCE, INC. ("Ulta") and DOES 1 – 50 (collectively referred to as Defendants) and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff GABRIELLA M. HERNANDEZ is an individual residing in the County of Los Angeles, State of California.

2. ULTA SALON, COSMETICS & FRAGRANCE, is a public corporation, with its

COMPLAINT
CASE NO.:

principal place of business located at 1000 Remington Blvd., Suite 120, Bolingbrook, IL 60440. Plaintiff is informed and believes and on this basis alleges that Ulta is a registered California corporation that conducts business within the state of California.

3. The true names and capacities of the Defendants, DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff Hernandez, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff Hernandez is informed and believes, and thereon alleges that each of the DOE Defendants are, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff Hernandez as herein alleged.

6. Hernandez is informed and believes, and thereon alleges, that at all material times each Doe Defendant's actions and conduct were known to, authorized, and ratified by Ulta and/or its agents. Hernandez is informed and believes, and thereon alleges, that all conduct by the individual Defendants that was outside of the scope of their authority was known to, authorized, and ratified by the co-defendants and/or Ulta'S and/or its agents.

7. Plaintiff is informed and thereon alleges that the Defendants knowingly and willfully conspired and agreed among themselves to do the acts herein alleged. Defendant did those acts in furtherance of their conspiracy. Defendants furthered their conspiracy by cooperation, lending aid, encouragement, ratification, and adopting the acts of each other.

8. At all times relevant herein, Defendant Does 1 through 50 were acting in the course and scope of their employment as an agent, manager, director, and/or employee of Defendant Ulta.

9. Plaintiff is informed and believes that at all times relevant to this complaint Defendants and each of them acted within the scope of their legal employment and authorized agent for Ulta. Therefore any liability under this complaint that is found against or which applies to any individual or all individual Defendants also applies to Ulta under the legal doctrine of respondent superior. The acts or omissions of each individual Defendant are the acts and

COMPLAINT
CASE NO.:

2

omissions of Ulta.

10. Venue is proper in this jurisdiction pursuant to California Code of Civil Procedure § 395(a) because all defendants are subject to personal jurisdiction in this district and a substantial part of events or omissions giving rise to the claim originated in this judicial district.

## ALLEGATIONS COMMON TO ALL PARTIES

11. Hernandez worked for Defendant's Burbank, California location as a hairstylist starting on or about August 21, 2013. At the time of Plaintiff's employment, she was paid an hourly wage plus commission on a bi-weekly basis. Plaintiff worked between 20 – 30 hours a week.

12. In or about February of 2014 Plaintiff notified the salon manager that she was pregnant with her first child. Plaintiff merely advised her supervisor for the sake of sharing the exciting news. However, without Plaintiff's consent or request, Plaintiff's hours were reduced starting in late March of 2014. As a result of Plaintiff's reduced hours, she was only working approximately 17 hours during the week. This created a hardship for Plaintiff as she relied on her previously agreed 20-30 hour paycheck to provide income for her family.

13. Plaintiff continued working during her pregnancy until she was ordered to bed rest on August 6, 2014. Initially, Plaintiff was going to apply for leave under Family Medical Leave Act, but she was told that since she had not been there for one year, she could not apply. Plaintiff was advised by an employee for Defendant that she could apply after August 21, 2013.

14. After August 21, 2014, Plaintiff again applied for benefits under FMLA. However, due to the fact that Defendant had unilaterally reduced her hours to under 20 hours a week, Plaintiff was approximately 150 hours shy of meeting the 1,250 hour threshold necessary to receive FMLA benefits. Had Defendants not reduced Plaintiff's hours in March of 2014, she would have been able to obtain her FMLA benefits.

15. Following the birth of Plaintiff's child she contacted the store manager in January 2015 at Defendants' Burbank location and advised the manager that she was ready to return to work. Plaintiff advised the store manager that she was flexible on the days and hours that she

COMPLAINT
CASE NO.: 3

could work, but preferred to work mornings and Wednesday evenings. Plaintiff was advised by the store manager that there were no openings and there was nothing she could do.

16. Plaintiff was never given an opportunity to return to work for Defendant nor did Defendants make any attempts to bring Plaintiff back. Accordingly, Defendants terminated Plaintiff due to her pregnancy.

17. Plaintiff filed a claim with the Department of Fair Employment and Housing against Defendants and obtained a right to sue letter.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION

(As to Defendants ULTA and DOES 1 – 50)

18. Plaintiff refers to and incorporates paragraphs 1 through 17 as though fully set forth herein.

19. The laws of the State of California, as declared by its constitution and statutory schemes, prohibit, among other things, employment discrimination because of disability.

20. Defendant treated Plaintiff less favorably than similarly situated employees who were not pregnant by reducing Plaintiff's hours once she notified the store manager that she was pregnant as well as not allowing Plaintiff to return to work following the birth of her child. Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of her protected group status (pregnant/disability), in violation of California law.

21. As set forth above, Defendant treated Plaintiff differently than similarly situated employees who were not pregnant. Namely, Defendants reduced her hours, brought in other employees to make up for her hours and terminated Plaintiff's position while she was out on disability leave due to her pregnancy.

22. Plaintiff suffered from discrimination in violation of the Fair Employment and Housing Act ("FEHA"). The discrimination that Plaintiff suffered from Defendants included, but was not limited to the actions alleged herein, during her employment and Defendants' refusal and failure to take immediate and appropriate corrective action to the discriminatory actions

COMPLAINT 4
CASE NO.:

taken against Plaintiff, and the termination of Plaintiff's employment because of her disability.

23. As a proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits and additional amounts of money Plaintiff would have received if Plaintiff had not been terminated due to her disability. Also, a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotion and physical distress, and has been injured in body and mind.

24. Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual Defendant, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety Plaintiff, and after becoming aware of their wrongful conduct, each business or corporate employer, through its officers, directors and managing agents, and each individual Defendant, aided, abetted, authorized and ratified the wrongful conduct herein alleged. Therefore, Plaintiff seeks exemplary and punitive damages against Defendants in an amount according to proof.

## SECOND CAUSE OF ACTION

WRONGFUL TERMINATION AGAINST PUBLIC POLICY

(As to Defendants ULTA and DOES 1 – 50)

25. Plaintiff refers to and incorporates paragraphs 1 through 24 as though fully set forth herein.

26. The laws of the State of California, as declared by its constitution and statutory schemes, prohibit, among other things, employment discrimination and harassment because of disability.

27. Defendants treated Plaintiff, who was disabled due to her pregnancy, less favorably than similarly situated employees who were not disabled due to pregnancy.

COMPLAINT
CASE NO.:                                                    5

1 Defendants discriminated against Plaintiff in the terms and conditions of her employment on the
2 basis of his protected group status (disability), in violation of California law.

28. As set forth above, Defendant treated Plaintiff differently than similarly situated employees who were not pregnant. Namely, Defendants reduced her hours, brought in other employees to make up for her hours and terminated her position while she was out on disability leave due to her pregnancy.

29. As a proximate result of Defendants' illegal termination of Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits and additional amounts of money Plaintiff would have received if Plaintiff had not been terminated due to her disability. Also, a further proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotion and physical distress, and has been injured in body and mind.

30. Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual Defendant, including without limitation, Earls, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety Plaintiff, and after becoming aware of their wrongful conduct, each business or corporate employer, through its officers, directors and managing agents, and each individual Defendant, including without limitation, Earls, aided, abetted, authorized and ratified the wrongful conduct herein alleged. Therefore, Plaintiff seeks exemplary and punitive damages against Defendants in an amount according to proof.

### THIRD CAUSE OF ACTION
INTERFERENCE WITH FAMILY MEDICAL LEAVE ACT BENEFITS
(As to Defendants ULTA and DOES 1 – 50)

31. Plaintiff refers to and incorporates paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is informed and believes, and on that basis alleges, Defendants

intentionally reduced Plaintiff's hours upon learning that Plaintiff was pregnant in an attempt to ensure that she did not attain the minimum 1250 hours necessary to receive FMLA benefits. Namely, shortly after Plaintiff notified the store manager that she became pregnant, there was a noticeable and substantial drop in the number of hours Plaintiff was scheduled to work. At the time of this occurrence, Plaintiff was not aware of the effect it would have on her FMLA benefits nor was she told that she needed 1250 hours in order to qualify for FMLA benefits.

33. At the time that Plaintiff's hours were reduced, she did not request or need her hours reduced. Plaintiff did not have any restrictions that prevented her from working her normal 20-30 hours per week.

34. As a result of Defendants reducing Plaintiff's hours, after she advised Defendants that she was pregnant, she did not attain the minimum 1,250 hours needed in order to receive FMLA benefits. As a result, she was not afforded the benefits provided for under FMLA. The aforementioned acts constitute interference with Plaintiff's rights under FMLA, which is prohibited pursuant to 29 U.S.C. §2615. As a result of Defendant's interference with Plaintiff's rights under FMLA, Plaintiff was not afforded the protections under FMLA and was terminated.

35. Plaintiff is informed and believes and on that basis alleges that Defendant is responsible under the FMLA, 29 U.S.C. § 2617(a).

36. As the result of Plaintiff's wrongful termination, Plaintiff has incurred, and is now incurring, a loss of wages, benefits, vacation pay and other compensation, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial. These costs include, without limitation, lost wages, back pay from the effective date of termination and lost employment benefits from the date of termination, the loss of future pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617. The costs also include attorneys' fees as provided for under 29 U.S.C. § 2617(a).

//
//
//
//

## FOURTH CAUSE OF ACTION

FAILURE TO TAKE REASONABLE AND NECESSARY STEPS TO PREVENT DISCRIMINATION

(As to Defendants ULTA and DOES 1 – 50)

37. Plaintiff refers to and incorporates paragraphs 1 through 36 as though fully set forth herein.

38. At all times material, Defendants had a statutory duty to their employees, including Plaintiff, to take all reasonable and necessary steps to prevent discrimination, under Government Code section 12940(k). Moreover, it was reasonably foreseeable that the breach of such duty would cause Plaintiff to sustain injuries and damages if Plaintiff were subjected to the wrongful conduct of the Defendants which is described herein above.

39. Pursuant to *Trujillo v. North County Transit District*, 63 Cal.App.4th 280 (1998), Plaintiff has a right to bring a tort cause of action for such breach of duty.

40. In spite of Defendants' duty to take all reasonable steps to prevent discrimination from occurring, including a duty to train employees in the avoidance of discrimination and a duty to conduct an investigation after Plaintiff's complaint(s) were made, Defendants intentionally or carelessly breached such duty causing Plaintiff damages, according to proof.

## FIFTH CAUSE OF ACTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(As to Defendants ULTA and DOES 1 – 50)

41. PLAINTIFF refers to and incorporates paragraphs 1 through 40 as though fully set forth herein.

42. The conduct of Defendants as set forth above was so extreme and outrageous that it exceeded the boundaries of human decency and was beyond pale of conduct tolerated in a civilized society. The conduct was intended to cause severe emotional distress, or was done in reckless disregard of the probability of causing severe emotional distress.

43. As an actual and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer severe and continuous humiliation, emotional distress, and

1 | physical and mental pain and anguish, all to her damage in an amount according to proof a the
2 | time of trial.
3 | 44.  Defendants committed the acts alleged herein maliciously, fraudulently, and
4 | oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and
5 | evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the
6 | acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous,
7 | and intentional manner in order to injure and damage Plaintiff, she is entitled to recover punitive
8 | damages from Defendants in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages in an amount to be established according to proof at trial;

2. For punitive damages and exemplary damages as are determined just according to proof, all in a sum to be determined at trial;

3. For interest in the amount of the maximum amount permitted by law;

4. For special damages;

5. For attorneys' fees;

6. For costs of suit incurred herein; and

7. For all such other relief as the Court shall deem just and appropriate.

Dated: August 28, 2015

THE RINKA LAW FIRM

By: _____
STEPHEN M. RINKA
Attorneys for Plaintiff
GABRIELLA M. HERNANDEZ

## DEMAND FOR JURY TRIAL

Plaintiff Gabriella M. Hernandez, hereby demands a trial by jury of all her claims.

Dated: August 28, 2015

THE RINKA LAW FIRM

By: _____
STEPHEN M. RINKA
Attorneys for Plaintiff
GABRIELLA M. HERNANDEZ